WR-84,297-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/7/2015 5:16:42 PM
Accepted 12/8/2015 8:43:22 AM
ABEL ACOSTA
CLERK

RECEIVED
COURT OF CRIMINAL APPEALS
12/8/2015
ABEL ACOSTA, CLERK

Petition for Writ of Habeas Corpus

Appeal No. _____

## In the Court of Criminal Appeals

### State of Texas
### Austin, Texas

---

*In re* Christopher Dupuy, Relator

---

**Trial Court Case No. 15 CR 1660**
**The Honorable Michelle M. Slaughter**
**405th Judicial District Court, Galveston County, Texas**

---

## Petition for Writ of Habeas Corpus

Walter P. Mahoney Jr.
Attorney for Relator
State Bar No.:12844600
3668 Burke
Pasadena, Texas 77504
(281) 998-9430 Phone
(281) 998-9430 Fax
Trip888@aol.com
ATTORNEY FOR RELATOR

**ORAL ARGUMENT REQUESTED**

## Identity of Parties and Counsel

The following is a list of all parties and all counsel in this matter:

Relator: Christopher Dupuy

Trial Court Attorney for Relator:

Walter P. Mahoney Jr.

3668 Burke,

Pasadena, Texas 77504

Respondent: State of Texas

Assistant Attorney General State Of Texas

Trial Court Assistant District Attorney for State of Texas :

Adam Poole Assistant District Attorney,

600 59th Street Galveston, Texas

Trial Court Judge:

The Honorable Michelle M.Slaughter

405th Judicial District Court,

600 59th Street., Galveston, Texas

Office of the Attorney General
PO Box 12548
Austin, TX 78711-2548

Office of the Attorney General
300 W. 15th Street
Austin, TX 78701

2

## Table of Contents

Identity of Parties and Counsel...................................................................2

Table of Contents.......................................................................................2

Table of Authorities...................................................................................4

Statement of the Case................................................................................7

Statement of Jurisdiction...........................................................................7

Issues Presented.........................................................................................7
      Issue Number One..............................................................................7
      Issue Number Two..............................................................................7

Statement of Facts.....................................................................................8

Argument and Authorities
      Issue Number One Restated................................................................8
      Argument and Authorities.............................................................9-11
      Issue Number Two Restated..............................................................11
      Argument and Authorities...........................................................11-12

Prayer.......................................................................................................12

Verification...............................................................................................13

Appendix...................................................................................................13

Certificate of Service................................................................................14

Word Count ..............................................................................................14

3

*Table of Authorities*

*United States v, Alvarez,* 132 S. Ct. 2537, 2544 (2012)..............................................9

*United States v. Stevens,* 559 U. S. 460 (2010)..............................................................10

*Washington State Grange v. Washington State Republican Party,* 552 U.S.442 (2008)....11

Statutes

First Amendment Constitution of United States ...........................................................10

Fifth Amendment Constitution of the Unites States.......................................................10

Fourteenth Amendment Constitution of the United States..............................…..…11

...

Texas Penal Code Section 33.07 .........................................................................8,9,10

4

Appeal No. _____

In the Court of Criminal Appeals
State of Texas
Austin, Texas

_____

*In re* Christopher Dupuy, Relator

_____

Trial Court Case No. 15CR 1660 and 15 CR 1661
The Honorable Michelle M. Slaughter
405th Judicial District Court, Galveston County, Texas

_____

**Petition for Writ of Habeas Corpus**

Walter P. Mahoney Jr
Attorney for Relator
State Bar No.: 12844600
3668 Burke
Pasadena, Texas 77504
(281) 998-9450 Phone
(281) 998-9430
ATTORNEY FOR RELATOR

**ORAL ARGUMENT REQUESTED**

No. _____

IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS
Re: Christopher Dupuy

## PETITION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGES OF SAID COURT:

Comes now, Christopher Dupuy, Relator, by and through her attorney of record Walter P. Mahoney Jr. and presents this his Application For A Writ of Habeas Corpus, Request for Release on Bond Pending Disposition of Writ and would respectfully show unto this Court the following:

I

This case was previously presented to the 14th Court of Appeals a copy of the opinion from that Court is attached as Exhibit A. Relator contends that he is being illegally restrained of his liberty by virtue of the pending indictment for online impersonation and that he has been so confined for in excess of 120 days. A copy of the Indictment Marked Exhibits B and C and attached hereto in the Appendix. The Relator remains incarcerated because the trial court has set the bond for his pre-trial release in the sum of $400,000.00 all

6

the while knowing that the accused has in fact been found to be indigent and unable to afford private counsel.

## *Statement of the Case*

Relator has been arrested, indicted and remains incarcerated under the provisions of Section 33.07 of the Texas Penal Code. A copy of the Sheriff certificate of custody is attached as Exhibit B in the Appendix. The section purports to make it a criminal offense to post certain types of speech on the Internet. As such the statute in question is a content based prior restraint on freedom of speech in that it makes publication of words a criminal offense. Relator contends that his continued incarceration is subject to Habeas Relief because the statute is unconstitutional on its face and his continued incarceration is illegal.

## *Statement of Jurisdiction*

This Court has jurisdiction under section 22.221(d) of the Texas Government Code.

## *Issues Presented*

## *Issue Number One*

Relator contends Penal Code Provision 33.07 is unconstitutional because it criminalizes speech protected by the First Amendment. As a result, Relator's continued incarceration is illegal.

*Issue Number Two*

Relator contends the Penal Code Provision 33.07 is unconstitutional under the provision of the Fifth and Fourteenth Amendments of the Constitution because it vague and subject to differing interpretation by citizens bound to comply.

*Statement of Facts*

Relator is a private citizen engaged in the ordinary activities allowed all members of society. He is not a member of the press or involved in any for profit publication. In essence he is just a citizen no more no less. He has been arrested and remains incarcerated for in excess of one hundred twenty days for his postings on the internet. He knows no more about his alleged violation of the law other than has been provided in the indictment provided herein Marked as Exhibit C and D. His bond has been set at $200,000.00 dollars per charge for a total of $400,000.00.

*Issue Number One Restated*

Relator contends Penal Code Provision 33.07 is unconstitutional because it criminalizes speech protected by the First Amendment. As a result, he is being denied due process of law being detained under the guise of an illegal provision of the Penal Code despite the fact that a State District Court Judge has declared the statute unconstitutional. It

should be noted that the ruling of the 209th Judicial District Court in Harris County, Texas remains in full force and effect. A copy of the ruling from the 209th Judicial District Court is attached hereto as Exhibit D. The State of Texas has not asked that Ruling of the District Court Judge be stayed pending the appeal of the ruling so the ruling remains in full effect at this time.

Argument and Authorities

The underlying statute attempts to be able to hold the Relator criminally responsible for the actions of speech without any viable criminal intent on the part of the Relator. The statute purports to prohibit the Relator from using his First Amendment Right to speak freely while in the role of impersonating another entity or person. The Statute allows the Relator to be punished for any communication that may in any fashion be deemed to have been perceived as a threat. Such a broad and over reaching statute is beyond the lawful authority of the State.[1] This Country was founded upon the concept that there will be no prior restraint of protected speech. The First Amendment to the Constitution guarantees that right to every citizen. In this particular circumstance the State of Texas is attempting to impose a prior restraint upon an online impersonation.

Section 33.07 of the Texas Penal Code

---

[1] *United States v, Alvarez,* 132 S. Ct. 2537, 2544 (2012)

"ON LINE IMPERSONATION. (a) A person commits an offense if the person, without obtaining the other person's consent and with the intent to harm, defraud, intimidate or threaten any person, uses the name or persona of another person to:

(1) Create a web page on a commercial social networking site…" [2]

The law is clear that in order for a statute to be a viable as a prior restraint it must be narrow in its scope so the terms of the order do not prohibit both legal and illegal activity thereby overreaching. The law should be declared unconstitutional if in its implementation legal activity is being made illegal activity in the overly broad sweep of the statute. [3] Such a broad and all-encompassing prohibition is beyond the lawful authority of the legislature. The Statute purports to be able to control the behavior of all persons engaging in legitimate free speech entailing impersonation. In fact there is a whole industry thriving on the use of impersonation as a type of free and protected form of communication. All of those person's activities, speech and communication would constitute criminal activity when placed on the internet.

The other aspect of the Statute is that it is a prior restraint of Content-Based speech. In other words, the government is attempting to control the content of the speech so broadly and powerfully that it even is making criminal the speech directed at the State. This concept clearly flies in the face of the first amendment and as such is unconstitutional.

---

[2] Texas Penal Code 33.07
[3] *Washington State Grange v. Washington State Republican Party,* 552 U.S. 442 (2008)

10

In addition, because this is content-based restriction it is important to recognize that the content reflected in this publication does not fall into those areas of historically unprotected speech. The content is not such that it is automatically not afforded constitutional protection. The United States Supreme Court notes this distinction and found statues not in line unconstitutional. [4] In conclusion the clear effect of Section 33.07 of the penal code is to outlaw indiscriminately legal and illegal speech. As such it is an illegal prior restraint on free speech and the Statute should be declared unconstitutional and the Relator should be discharged from detention.

### Issue Number Two Restated

Relator contends the Penal Code Provision 33.07 is unconstitutional under the provision of the Fifth and Fourteenth Amendments of the Constitution because it vague and subject to differing interpretation by citizens bound to comply.

### Argument and Authorities

What is the exact meaning of the plain reading of the statute? A statute shall be declared void for vagueness if its interpretation causes persons to disagree on its effect and meaning. It seems very clear that the law purports to criminalize any content posted under an assumed name to include any criticism of anybody. Clearly this cannot have been the legislative

---

[4] *United States v. Stevens,* 559 U. S. 460 (2010) see also *United States v. Alvarez,* 132 S.Ct. 2537 (2012)

intent and if it is they have acted beyond their lawful authority. Because the First, the Fifth, and the Fourteenth Amendments to the Constitution of the United State protect for each of us these basic but significant rights. Even with the advent and explosion of the internet we must hold these truths to be sacred that we are all free to express our thoughts and ideas even if some persons may take offense and have their feelings hurt by our expressions. To have to guess as to the scope and breadth of the law violates the due process clause and the First Amendment. When that happens the law should be found to be unconstitutional and its affect a nullity. To hold otherwise is an unconstitutional infringement on the provisions of the First Amendment. This statute as written does not meet the criteria that have long limited the rights of the government to restrict what we say no matter where or how we say it except in the most narrow of circumstances.

## *Prayer*

Relator prays that this Honorable Court, or one of its Justices, after examining this petition, enter an Order releasing the Relator on bond pending the disposition of this application and upon a final disposition declare Section 33.07 of the Texas Penal Code unconstitutional and Order the underlying cases dismissed and the Relator discharged from custody.

Respectfully submitted

12

/S/ Walter P. Mahoney Jr_____
Walter P. Mahoney, Jr.
Attorney for Relator
State Bar No.: 12844600
3668 Burke
Pasadena, Texas 77504
(281) 998-9450
(281) 998-9430
Attorney for Relator

I , Walter P. Mahoney Jr.,  do swear under oath and upon personal knowledge that the factual allegations in the above Petition for Writ of Habeas Corpus are true and correct.

Walter P. Mahoney, Jr.

SIGNED under oath before me on ____12/7/15_____ .

JENNIFER EVELAND
Notary Public
STATE OF TEXAS
My Comm. Exp. July 7, 2019

Notary Public State of Texas

*Appendix*

This appendix contains the following:

    A.    Opinion 14th Court of Appeals

    B and C.    Indictments

    D.    Order From 209th

    E.    Certificate of Right to Appeal

    F.    Sheriff's Certificate of Custody

**Certificate of Service**

I certify that a true copy of this Petition for Writ of Habeas Corpus was served in accordance with rule 9.5 of the Texas Rules of Appellate Procedure on each party or that party's lead counsel as follows:

Assistant District Attorney Adam Poole , 600 59th Street, District Attorney's Office, Galveston, Texas

Method of service: certified mail, return receipt requested and electronic Service
Date of Service: 12-07-15

The Honorable Michelle Slaughter, 600 59th Street, Suite 2205, Galveston, Texas 77551

Method of service: US Postal Service

Date of service: All of these done on the 7th day of December 2015.

A copy of this notice is being filed with the appellate clerk in accordance with rule 25.1(e) of the Texas Rules of Civil Procedure.

A copy of this pleading will also be provided to Kenneth Paxton Attorney General for the State of Texas
 Office of the Attorney General
PO Box 12548
Austin, TX 78711-2548

Office of the Attorney General
300 W. 15th Street
Austin, TX 78701

/S/Walter P. Mahoney Jr _____
Walter P. Mahoney, Jr.
Attorney for Relator

I, Walter P. Mahoney Jr. , do hereby certify that the foregoing document contains 2,154 words.

/s/Walter P. Mahoney Jr. _____
Walter P. Mahoney Jr.